**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY LEE MONTS, | No. 12-16930 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00532-FJM |
| v. | |
| JOSEPH M. ARPAIO, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| CHAPLAIN GREGORY MILLARD, # A4930; CANTOR HOWARD TABAKNEK, # R0670, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted April 9, 2014
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

Danny Lee Monts sued Maricopa County, Arizona, jail chaplains Howard Tabaknek and Gregory Millard under 42 U.S.C. § 1983 for denying him a Kosher diet. Monts appeals summary judgment against him on that claim. Jurisdiction lies under 28 U.S.C. § 1291. We review de novo, Suzuki Motor Corp. v. Consumers Union of United States, Inc., 330 F.3d 1110, 1131 (9th Cir. 2003), and reverse and remand for trial.

There are four issues: substantial burden, sincerity, qualified immunity, and the chaplains' individual liability.[1] Tabaknek and Millard do not contest that denying Monts a Kosher diet substantially burdened his religious exercise. As to sincerity, a reasonable jury could conclude that Monts was sincere. Every fact relied on below to hold otherwise was disputed. As to qualified immunity, the right at issue here was clearly established before the relevant time, McElyea v. Babbit, 833 F.2d 196, 198–99 (9th Cir. 1987) (per curiam), and Monts has raised,

---

[**] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[1] The briefing refers to this issue as individual liability. We note that it is more often referred to as causation, and relates to the requirement, under § 1983, that each defendant be individually shown to have "subject[ed], or cause[ed] to be subjected . . . [the plaintiff] to the deprivation" of a constitutional right. 42 U.S.C. § 1983.

2

to the extent necessary on summary judgment, factual disputes as to the alleged constitutional violation.  Finally, as to individual liability, both chaplains admit to personal involvement in denying Monts's requests for a Kosher diet.  That is enough under § 1983.  E.g., Preschooler II v. Clark Cnty. Sch. Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007).

We note that the trial record may differ significantly from that on summary judgment.  Accordingly, our disposition should not be read as taking a position on whether Monts will ultimately prevail on the merits or whether the chaplains will ultimately prevail on qualified immunity.

REVERSED and REMANDED.